UNITED STATES v. MEEKER.

*(Circuit Court, D. Washington, W. D.  March 23, 1892.)*

TIMBER LAND—CANCELLATION OF PATENT—EVIDENCE.
　　A timber-land patent will not be canceled on the ground that the lands are not in fact timber lands, when the evidence merely renders it doubtful whether they can properly be so classed.

In Equity. Suit in equity to cancel a patent for a tract of land purchased from the United States as timber land under act of June 3, 1878, entitled "An act for the sale of timber lands in the states of California, Oregon, Nevada, and in Washington Territory," (1 Supp. Rev. St., 2d Ed., 167,) on the ground that said tract is not in fact timber land, nor subject to sale under the provisions of said act. Bill dismissed.

*P. C. Sullivan*, Asst. U. S. Atty.
*W. H. Pritchard*, for defendant.

HANFORD, District Judge. A number of witnesses have been called on both sides, and have testified as to the character of the land involved in this suit, all of whom appear to be men of good repute, well informed, and credible. There is no conflict in their statements of facts, but in matters of opinion and estimates they differ. From all the evidence I conclude that the land is of such character that honest persons, capable of estimating the value of land, for agricultural purposes or for its timber, may honestly differ in their opinions upon the question whether said land is chiefly valuable for the timber thereon, and unfit for cultivation, or otherwise. Part of the tract is good land, capable of being made productive, and, by reason of its location, is certainly valuable simply as agricultural land. Other portions, however, belong to the class of lands generally regarded in this country as unfit for cultivation, and in fact they cannot be profitably brought under cultivation, except by a gradual process, requiring years of time. The tract, as a whole, is valuable for the timber it contains. The witnesses who have gone over it and made

careful estimates have testified that the whole tract (160 acres) will yield at least 5,000,000 feet of merchantable lumber, besides an indefinite quantity of fire-wood and fencing material. If the proofs before me were taken for the purpose of determining originally the question as to the proper classification of the land, it would be difficult to determine therefrom whether or not the land is subject to sale under said act as timber land. But in this suit to cancel a patent a different rule must be applied. A United States patent is the highest evidence of a good title to land in this country. Confidence in such evidence ought not to be impaired by the action of courts in annulling and setting aside such conveyances for trivial reasons, or when the evidence is not sufficient to establish clearly the invalidity thereof. In the case at bar the evidence leaves the issue in doubt; therefore it is the duty of the court to uphold, rather than annul, the action of the land department in selling the land to the defendant, and conveying the title to him by a patent. *U. S. v. Budd,* 43 Fed. Rep. 630; 12 Sup. Ct. Rep. 575. A decree dismissing the suit for the reason that the evidence does not sustain the averments of the bill will be entered.